UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:12-cr-201-MMH-JBT

DARRELL RENARD JOHNSON   ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Darrell Renard Johnson is a 45-year-old inmate incarcerated at Jesup FCI, serving a 140-month term of imprisonment for conspiracy to possess with intent to distribute cocaine and cocaine base and one count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. 112, Judgment). According to the Bureau of Prisons (BOP), he is due to be released from prison on January 3, 2023. Johnson seeks compassionate release because of the Covid-19 pandemic and because he suffers from hypertension and obesity. (Doc. 115, Motion for Compassionate Release). The United States has responded in opposition. (Doc. 116, Response).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Notably, the Third Circuit Court of Appeals has observed that the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Johnson has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), there is only mixed evidence about whether high blood pressure increases the risk of severe infection

from coronavirus, while there is stronger evidence linking obesity to serious cases of Covid-19.[1]

> However, neither of these conditions is extraordinary. According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition.[2] Similarly, as of 2017-2018, 42.4% of American adults are obese.[3] Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release.

United States v. Hayes, No. 3:18-cr-37-MMH-JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020). Moreover, the record reflects that Johnson's "BP [blood pressure] is in control" based on his current medication regimen (Doc. 116-3, Gov't Attachment 3 at 4), considering that his most recent measurement reflected a blood pressure of 126/77, id. at 1. As for obesity, Johnson's body mass index of 31 reflects that he suffers from only mild obesity. See id. at 41. Notably as well, the record shows that Johnson has received his first shot of the Moderna Covid-19 vaccine. (Doc. 116-2, Vaccination Record). Accordingly, the Court does not find that Johnson has established the existence of extraordinary and compelling circumstances.[4]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

[2] https://www.cdc.gov/bloodpressure/facts.htm.

[3] https://www.cdc.gov/obesity/data/adult.html

[4] The Court recognizes that there is a split of authority over whether district courts are bound by the policy statement, U.S.S.G. § 1B1.13, in the context of defendant-initiated motions for compassionate release. See, e.g., United States v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Johnson is serving a 140-month term in prison for conspiracy to possess with intent to distribute cocaine and cocaine base, as well as possession of a firearm in furtherance of a drug trafficking crime. Prior to the instant offense, he had been convicted of armed carjacking, burglary of a structure or conveyance, possession of a firearm by a convicted felon, and the sale of cocaine. (Doc. 108, Presentence Investigation Report [PSR] at ¶¶ 44, 51, 52). Johnson's criminal record earned him the career offender enhancement under U.S.S.G. § 4B1.1, id. at ¶ 39, and his advisory sentencing range under the Sentencing Guidelines was 262 to 327 months in prison, id. at ¶ 97; (Doc. 113, Statement of Reasons). Johnson benefited from a significant downward variance when the Court sentenced him to a term of 140 months in prison. In view of all the § 3553(a) factors, further reducing Johnson's sentence is not warranted at this time.

Accordingly, Defendant Darrell Renard Johnson's Motion for Compassionate Release (Doc. 115) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant